UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ROMEL DAVIS-HUSSUNG,

        Plaintiff,         Civil Action No.: 14-14964
                                 Honorable Bernard A. Friedman
v.                                Magistrate Judge Elizabeth A. Stafford

JEFFREY LEWIS, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT WAYNE GROAT'S MOTION FOR
SUMMARY JUDGMENT [R. 28]**

      Plaintiff Romel Davis-Hussung filed a complaint under 42 U.S.C. § 1983 against Wayne Groat, an Administrative Law Examiner (ALE) employed by the Michigan Administrative Hearing System, as well as some corrections officers, alleging various constitutional violations. Groat moves for summary judgment on Davis-Hussung's claims against him. For the following reasons, the Court **RECOMMENDS** that Groat's motion **[R. 28]** be **GRANTED**.

**I.    BACKGROUND**

      Davis-Hussung's complaint generally alleges violations of his Fifth and Eighth Amendment rights related to a sexual misconduct ticket and hearing finding, copies of which were later disseminated to other inmates

by staff, resulting in him being stabbed multiple times by other inmates.

Defendant Groat was the ALE who sustained Davis-Hussung's misconduct ticket after a hearing. Groat moves for summary judgment on Davis-Hussung's due process claim against him, arguing that he is entitled to absolute immunity as he was acting in his capacity as a judicial officer. Davis-Hussung filed a combined response to this motion and that of the MDOC defendants, which does not directly address Groat's basis for dismissal. Instead, Davis-Hussung argues that Groat was biased and unprofessional, and disregarded Davis-Hussung's evidence, including his testimony regarding MDOC policy directives. [R. 35, PgID 206].

## II.   ANALYSIS

The Sixth Circuit has held that hearing officers are entitled to "absolute immunity from liability with respect to their judicial acts." *Shelly v. Johnson*, 849 F.2d 228, 229-30 (6th Cir. 1988) (per curiam). For absolute immunity to apply, the hearing officer must "possess the independence ascribed to members of the judiciary." *Id*. at 230. Further, immunity will not apply when: (1) the judge took actions outside of his judicial capacity, or (2) the judge took actions "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam) (citations omitted). Davis-Hussang does not argue these exceptions apply, and the facts as recited in

his complaint make clear that Groat was, at all relevant times, acting within his capacity as a hearing officer. [R. 1, PgID 4-5]. For these reasons, Groat is entitled to absolute judicial immunity on Davis-Hussang's claims against him, and his motion for summary judgment should be granted.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendant Wayne Groat's motion for summary judgment **[R. 28]** be **GRANTED**.

Dated: August 31, 2015  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of*

3

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2015.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager