UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ROMEL DAVIS-HUSSUNG,

        Plaintiff,        Civil Action No.: 14-14964
                                    Honorable Bernard A. Friedman
v.                                Magistrate Judge Elizabeth A. Stafford

JEFFREY LEWIS, *et al.*,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO APPOINT [R. 33] WITHOUT PREJUDICE

Plaintiff Romel Davis-Hussung brings the instant case pursuant to 42 U.S.C. § 1983 against a number of Michigan Department of Corrections officers alleging violation of various constitutional rights. He now moves for appointment of counsel, claiming that his imprisonment greatly hinders his ability to litigate his case due to limited use of the law library and his limited knowledge of the law.

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v.*

*Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

    Having reviewed Davis-Hussung's case filings to date, and considering the relevant factors, the Court finds that he has not shown exceptional circumstances that merit the appointment of counsel at this juncture. A party's incarceration alone is insufficient to warrant appointment of counsel. Further, the issues in this case are not so complex that Davis-Hussung is unable to adequately prosecute them at this point. For these reasons, Davis-Hussung's motion to appoint counsel **[R. 33]** is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: August 31, 2015                        s/Elizabeth A. Stafford
Detroit, Michigan                            ELIZABETH A. STAFFORD
                                                 United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2015.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager