UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMEL DAVIS-HUSSUNG,

       Plaintiff,                         Civil Action No. 14-CV-14964

vs.                                  HON. BERNARD A. FRIEDMAN

C/O LEWIS, et al.,

       Defendants.

_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is presently before the Court on defendants' motion for summary judgment [docket entry 30]. Magistrate Judge Elizabeth A. Stafford has issued a Report and Recommendation ("R&R") in which she recommends that the motion be granted. Plaintiff has filed objections to the R&R. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo those portions of the R&R to which a specific objection has been made. The Court has reviewed the complaint, the motion papers, the R&R, and plaintiff's objections, and concludes that the magistrate judge correctly recommends that defendants' motion should be granted.

Plaintiff alleges that in April 2014, while housed at a state prison in Saginaw, Michigan, corrections officer Lewis issued a misconduct report falsely charging plaintiff with having engaged in sexual misconduct with another inmate. Lewis' misconduct report alleged that plaintiff and the other inmate "were rubbing each others legs while lying in the same bed," whereas plaintiff claims that he and the other inmate were "wrestling" and "horse-playing." Following a hearing, hearing officer Groat found plaintiff guilty. Thereafter, defendants Potila and Mclean made insulting "homosexual comments" toward plaintiff; Mclean "threw my mail away in my face";

defendants Anderson, Gilerson, and Lewis "printed out the sexual misconduct report and gave it to multiple inmates and told them [plaintiff] and [another inmate] were caught having anal sex"; and defendant Potila, after saying he was "going to send your gay ass so far up north your going to have to pack a shavle" [sic], transferred plaintiff to another prison, URF, in Michigan's upper peninsula. After plaintiff had been at URF for six months, he was transferred again to another prison, Kinross, where eight days after his arrival he was stabbed by inmates who called him a "fag" and "they then threw a copy of the sexual misconduct report at me, while I was on the ground." Plaintiff alleges that the misconduct report "and officers' action put my safety at risk and security."

The complaint does not indicate the claim(s) plaintiff intends to assert. The only claim that can reasonably be gleaned from the complaint, construing it liberally as required by *Haines v. Kerner*, 404 U.S. 519 (1972), is that certain defendants were deliberately indifferent to plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (noting that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."); *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984) (recognizing that the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates"); *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011) (noting that "a prison official may be held to be deliberately indifferent to a substantial risk to inmate safety if he is aware that an inmate is vulnerable to assault and fails to protect him.").[1]

---

[1] The Court does not find that the complaint states any other claims. Defendant Lewis allegedly issued a misconduct report that accused plaintiff and another inmate of engaging in sexual misconduct by "rubbing each others legs while lying in the same bed." If the allegation was untrue, plaintiff's remedy was to seek vindication at the hearing.

Defendant Mclean allegedly insulted plaintiff by laughing while saying, "Don't come in my office touching and flirting with me." However, "verbal insults of an inmate have not been deemed actionable in actions brought pursuant to § 1983." *Roden v. Sowders*, 84 F. App'x 611,

The magistrate judge correctly notes that the complaint must be dismissed as to all defendants against whom no allegations are made.  Direct, personal involvement in a  violation of plaintiff's federal rights is a prerequisite to liability under 42 U.S.C. § 1983.  Accordingly, the complaint is hereby dismissed as to defendants Buczek, Gorton, Zummer, Hoffman, Russell, Rapelje, Winn, and Ricumstrict.  The Court previously granted summary judgment for defendant Groat.

The remaining defendants are Lewis, Gilerson, Mclean, Anderson, and Potila.  The magistrate judge suggests that they are entitled to summary judgment on qualified immunity grounds, as plaintiff has not shown that they violated any of his clearly established constitutional rights.

The Court hereby dismisses the complaint as to Mclean and Potila for the reasons indicated in footnote 1, *supra*.  The remaining defendants – Anderson, Gilerson, and Lewis – allegedly put plaintiff's safety at risk by "print[ing] out the sexual misconduct report and g[iving] it to multiple inmates, and t[elling] them [plaintiff] and [another inmate] were caught having anal sex."  It is clearly established that prison officials may not be deliberately indifferent to an inmate's health and safety.  As the court of appeals has noted,

> "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, ——, 114 S.Ct. 1970, 1974, 128 L.Ed.2d

---

613 (6th Cir. 2003) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987)).
        Plaintiff's allegation that Potila transferred him because of his sexual orientation does not state a cognizable claim.  A prisoner may be transferred for any reason or no reason, but not a constitutionally prohibited reason.  Plaintiff cites no authority, and the Court is aware of none, suggesting that an inmate has a constitutional right not to be transferred based on his sexual orientation.

> 811 (1994) (citations omitted). Prison officials can be held liable for
> an Eighth Amendment violation when an inmate shows: (1) "that he
> is incarcerated under conditions posing a substantial risk of serious
> harm," and (2) that the prison official had "the state of mind ... of
> 'deliberate indifference' to inmate health or safety." *Farmer*, 511
> U.S. at ——, 114 S. Ct. at 1977 (citations omitted). "[A]cting or
> failing to act with deliberate indifference to a substantial risk of
> serious harm to a prisoner is the equivalent of recklessly disregarding
> that risk." *Id*. at ——, 114 S.Ct. at 1978.

*Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814-15 (6th Cir. 1996). That is to say, to be liable under

the Eighth Amendment, a prison official must "know[] of and disregard[] an excessive risk to inmate

health or safety; the official must both be aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511

U.S. at 837. Further, as in all civil cases, the plaintiff in a § 1983 case must show that his injury is

"fairly traceable to," i.e., proximately caused by, defendant's conduct. *Allen v. Wright*, 468 U.S.

737, 751 (1984). "An injury is proximately caused by an act when it appears from the evidence in

the case that the defendant's conduct was a substantial factor in bringing about the plaintiff's harm."

*Hickerson v. Koepp*, 107 F.3d 11 (6th Cir. 1997) (citations omitted). "Proximate causation is

normally a question of fact" and it "must be left to the jury if reasonable people could differ in their

answers." *Smith v. Tucker*, 172 F.3d 49 (6th Cir. 1998).

   In the present case, plaintiff's claim again Anderson, Gilerson, and Lewis fails

because plaintiff has not shown that their conduct (i.e., printing the misconduct report, giving it to

other inmates at the Saginaw prison, and telling them that plaintiff and another inmate had been

caught having anal sex) objectively placed him at substantial risk of serious harm. While such

conduct clearly shows a lack of common sense and has no legitimate penological purpose, it is not

apparent to the Court that spreading this information (or misinformation) among other inmates

seriously jeopardized plaintiff's safety.  Plaintiff does not allege, as did the plaintiffs in *Farmer* and *Bishop*, that he was particularly vulnerable to abuse by other inmates due to his physical appearance or size.  Nor does he allege, as did the plaintiff in *Leary v. Livingston Cty.*, 528 F.3d 438 (6th Cir. 2008), that defendants spread information about his criminal charge (the rape of a nine-year old child in Leary's case) which would likely cause other inmates to attack him.  Simply put, plaintiff has not shown, and the Court's own review of the case law does not reveal, that prison officials place an inmate at substantial risk of assault by telling other inmates he had anal sex with another inmate.  Defendants are entitled to qualified immunity because the law does not clearly establish the right plaintiff seeks to assert under the circumstances of this case, i.e., that an inmate's safety is put at substantial risk when a prison official tells other inmates he is homosexual and/or has engaged in a homosexual act.  As defendants note, "'[o]rdinarily, a Supreme Court or Sixth Circuit decision on point is necessary'" to clearly establish the right plaintiff alleges defendants violated.  Defs.' Br. at 22 (quoting *Carver v. City of Cincinnati*, 474 F.3d 283, 287 (6th Cir. 2007)).[2]  Plaintiff has not

---

[2] The entire paragraph from which this quotation is taken bears repeating:

> Even assuming *arguendo* that Carver asserted a viable constitutional claim, he must still plead facts, which, taken in a light most favorable to him, show a violation of a clearly established right in order to overcome the officers' motion to dismiss on the basis of qualified immunity. *See Dominque v. Telb*, 831 F.2d 673, 676 (6th Cir.1987). In order for the law to be clearly established, it must be clear to a reasonable officer that his conduct was unlawful. *Brosseau v. Haugen*, 543 U.S. 194, 199, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004). Ordinarily, a Supreme Court or Sixth Circuit decision on point is necessary. *See Jackson*, 429 F.3d at 592. Further, "[i]t is important to emphasize that this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau*, 543 U.S. at 198, 125 S.Ct. 596 (citing *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151). There are no cases that present facts similar to [plaintiff's] situation that would make it "clear

identified, and the Court is not aware of, any such Supreme Court or Sixth Circuit decision.

Even if plaintiff could make this showing, no reasonable jury could conclude in the present case that defendants' conduct is causally connected to the assault on plaintiff by inmates at another prison six months later.  As noted, plaintiff alleges defendants made their comments and distributed the misconduct charge in April 2014 while he was confined at Saginaw Correctional Facility.  Plaintiff does not allege that he was assaulted at Saginaw.  Plaintiff was then transferred to Chippewa Correctional Facility where he was confined for six months.  Plaintiff does not allege that he was assaulted at Chippewa.  Plaintiff was then transferred again to Kinross Correctional Facility where, after eight days, he was assaulted by other inmates.  Given this extensive lapse of time and the two transfers, no reasonable jury could find that defendants' conduct caused plaintiff's injury.  Accordingly,

IT IS ORDERED that Magistrate Judge Stafford's R&R is hereby accepted as the findings and conclusions of the Court.

---

to [an objectively] reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). In this case, "*Brosseau* compels a finding that such a violation is not clearly established" because the unlawfulness of the officers' actions would not be apparent to a reasonable officer in like circumstances. *Jackson*, 429 F.3d at 592.

*Carver*, 474 F.3d at 287.

6

IT IS FURTHER ORDERED that defendants' motion for summary judgment is granted.


S/Bernard A. Friedman_____
Dated: February 20, 2016            BERNARD A. FRIEDMAN
      Detroit, Michigan            SENIOR UNITED STATES DISTRICT JUDGE


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 10, 2016.

s/Felicia M. Moses_____
FELICIA M. MOSES
Case Manager